I must respectfully dissent from the decision of the majority upon the issue of damages. There was evidence that plaintiff's restaurant was opened in 1955; that he had suffered flooding on other occasions prior to the installation of defendant's bridge with resultant damages; that water had entered his premises to certain depths; that after installation of defendant's bridge and upon the occasion complained of, his premises were again flooded but to a greater depth than ever before; that he had again suffered an amount of damage; that the defendant's bridge together with other bridges and obstructions existing theretofore, and the heavy rain caused the premises to flood; the presence of defendant's bridge in the stream substantially contributed to the flooding in some undetermined degree.
There was no evidence from which it could be determined how much flooding there would have been without the presence of defendant's bridge. Thus the evidence requires two speculations: (a) how much deeper was the water in plaintiff's restaurant because of the "substantial" but unknown contribution of defendant's bridge, than it would have been without its contribution; and (b) how much, if any, did the added depth of water increase plaintiff's damage over what it would otherwise have been?
I submit the principle of Kershaw Mining Co. v. Lankford
quoted by the majority is the only principle available in this case. The majority says the rule of Kershaw is different from the "reasonable certainty" rule of Ernst and Tanner. It clearly is not different. The court in Ernst specifically denied any difference (p. 1036) between what it said and the rule ofKershaw and the case of Mobile O.R. Co. v. Red Feather CoalCo., 218 Ala. 582, 119 So. 606 (1929). The principle of Kershaw
was again stated in Law v. Gulf States Steel Co., 229 Ala. 305,156 So. 835 (1934). It is for the failure to prove to any degree the extent of the contribution of defendant to plaintiff's damages that plaintiff should not recover. Certain it is that there was insufficient proof to sustain a "reasonable certainty" standard. We are not concerned with the difficulty of plaintiff's burden. This is not a case of total damages contributed to by defendant as a joint tort feasor or with concurring negligence. The burden was *Page 450 
upon plaintiff to produce evidence from which there could be determined with reasonable certainty the amount of his damage attributable to the tortious act of defendant. He failed to meet the burden in this case both as to cause and effect.
I would hold defendant due a directed verdict.